UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMBER HAGAN, )<br>      Plaintiff, )<br>)<br>-v- )<br>)<br>CITIMORTGAGE, INC., )<br>      Defendant. )<br>_____) | No. 1:15-cv-454<br><br>HONORABLE PAUL L. MALONEY |

## OPINION

    This case is yet another in a long line. It begins with a mortgagor who, for one reason or another, fails to pay his or her mortgage as contractually required; the mortgagee then lawfully forecloses upon the property in state courts; and in response, the mortgagor files a lawsuit, alleging meritless claims as a stalling tactic.

    The mortgagor wins because he or she can live rent-free in the interim—usually for many months (or more)—by hiring a lawyer to stonewall the process; the mortgagor's lawyer wins because he or she receives a fee and devotes typically little time to the case, recycling the same complaint and responsive brief to an inevitable motion to dismiss.

    However, where there are winners, there are losers.

    The defendant loses because it is prevented from taking lawful possession and selling the property to recoup any losses, bearing litigation costs in the process. The Court also loses to a degree, expending time and resources rejecting the same meritless claims.

    The Court recognizes Plaintiff's present counsel assumed this case from prior counsel; however, in the absence of an amended complaint, he is responsible what remains pled. Moreover, Plaintiff's counsel included arguments in his brief regarding claims that have

not even been pled. (ECF No. 32 at PageID.422–25 ("Breach of contract has been properly pled") ("Fraudulent misrepresentation is sufficiently pled").) One particular argument stands out: "As stated in Plaintiff's Complaint, 'Defendant intended to induce the Plaintiff to refrain from defending the foreclosure in reliance on the representations made by Defendant.' [Plaintiff's Complaint, para. 58]."(*Id.* at PageID.423.) However, Plaintiff's complaint ends with paragraph 54.

This is strong evidence that Plaintiff's counsel (and others like him) simply recycle the same pleadings and responses to dispositive motions over and over. And Plaintiff's counsel also failed to respond to the renewed motion to dismiss and had to respond to a show-cause order. (ECF No. 26.) This pattern of behavior is at least arguably "objectively unreasonable" under the Federal Rules. *See* Fed. R. Civ. P. 11(b). Counsel should tread more carefully in the future.

Nevertheless, Plaintiff has failed to state a claim upon which relief can be granted under Counts I, III, and IV. Since Count II was dismissed by stipulation in response to the Court's order because the claim was without merit, no counts remain, and the Court must dismiss this action with prejudice.

A.     Background

On a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations contained in the Complaint as true.

In 2003, Alisa Hagan (whose Estate is being represented by Plaintiff Amber Hagan) obtained a mortgage for 1603 Buena Vista Street in Kalamazoo, MI. (ECF No. 24 at PageID.232.)

Alisa Hagan passed away on November 18, 2012, and Plaintiff Amber Hagan opened probate proceedings in Kalamazoo County on May 2, 2013. Letters of authority were issued to her thereafter. (*Id.*) On March 13, 2013, the mortgage was reassigned to CitiMortgage. (*Id.* at PageID.233.)

From June 1, 2013 until on or about February 28, 2014, Plaintiff Amber Hagan kept up with the mortgage payments as agreed. (*Id.* at PageID.233.) Because the "area economy has been depressed over the past few years," Plaintiff went "delinquent on the mortgage." (*Id.*)

On March 15, 2014, "Plaintiff applied for mortgage assistance with Defendant, CitiMortgage, Inc., and submitted a request for mortgage assistance, 4506(t), Dodd Frank Certification Form, UBA, current pay stubs, 1 utility bill, hardship letter, proof of income, and Letters of Authority for Amber N. Hagan." (*Id.*) Plaintiff alleges she continued to update her request for assistance.

On August 15, 2014, "John Blume, a representative for Defendant, indicated by teleconference that Plaintiff had submitted a complete request for assistance. He then instructed Plaintiff to wait for a written response from CitiMortgage, Inc. as to an approval or denial of the request, which was never forthcoming." (*Id.*) "Over the next few months," Plaintiff spoke to Defendant's representatives and "requested Defendant follow HAMP guidelines and reduce her mortgage payment to less than 31% of her gross monthly income." (*Id.*) Plaintiff alleges "[t]hat concurrently with the apparent attempt to get Plaintiff a HAMP Loan Modification, the Defendant . . . initiated foreclosure proceedings which culminated in a foreclosure sale of 9/25/2014." (*Id.*)

3

### B. Legal Framework

#### 1. Rule 12(b)(1) (Standing)

"A plaintiff must meet Article III and prudential standing requirements to proceed with his case." *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012). To establish standing under Article III of the U.S. Constitution, a plaintiff must show:

> (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 729; *Cleveland NAACP v. City of Parma*, 263 F.3d 513, 523–24 (6th Cir. 2001) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.*, 528 U.S. 167, 180–81 (2000)).

#### 2. Rule 12(b)(6)

A complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, and the "claim to relief must be plausible on its face" *Id.* at 570. "A claim is plausible on its face if the 'plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). If plaintiffs do not "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Ordinarily, the Court can only look to the Complaint on a motion under Rule 12(b)(6). However, limited "other sources," such as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," may be considered. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Finally, when considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369. And the Sixth Circuit has noted that courts "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011).

C.   Analysis

Since standing implicates jurisdiction, the Court first must consider the motion under Rule 12(b)(1).[1] *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th

---

[1] While Defendant does not explicitly cite Fed. R. Civ. P. 12(b)(1), it advances standing arguments and cites authority that implicates the Court's jurisdiction. (*See* ECF No. 25 at PageID.260 (quoting *Am. Family Ass'n of Mich. v. Mich. State Univ. Bd. of Trs.*, 739 N.W.2d 908 (Mich. Ct. App. 2007)) ("To establish standing, a plaintiff is required to 'show that [he or she] had suffered an actual or imminent, concrete and particularized injury as the result of defendant's [actions], which injury likely would be redressed by a favorable decision.'").)

5

Cir. 1990) ("[W]e are bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction."). However, the 12(b)(1) motion can be disposed of fairly quickly.

Defendant erroneously asserts that "Plaintiff lost standing to challenge the foreclosure sale after the expiration period on January 24, 2015." (ECF No. 25 at PageID.260.) However, the Sheriff's Sale occurred on September 25, 2014. (ECF No. 25-5 at PageID.291.) Plaintiff filed this action in state court on March 2, 2015. That was before March 25, 2015, or within "the redemption period [of] 6 months from the date of the sale." MCL 600.3240(7).

Thus, there's no "standing [problem] in the Article III sense," *Smith v. Litton Loan Servicing, LP*, 517 Fed. App'x 395, 396–97 (6th Cir. 2013), but Plaintiff does have another hurdle in that vein—"a Michigan-state law requirement that is functionally similar to a statute of limitations." *Id.* at 397. That is properly the subject of an argument under Fed. R. Civ. P. 12(b)(6), to which the Court will now turn.

### 1.     Count I ("Setting Aside the Foreclosure Sale")

Plaintiff alleges several bare bones under this claim, which is one under state law, though she cites failure to follow HAMP guidelines as a basis for alleged "negligence" and "bad faith." (*See* ECF No. 24 at PageID.234.) Plaintiff baldly alleges the following:

> Defendant . . . acted negligently and in bad faith, by among other things: a. Not properly evaluating Plaintiff's complete request for assistance per HAMP guidelines; b. Failing to post notice of the foreclosure 4 times or more in the newspaper; and c. Failing to properly calculate the bid amount at the Sheriff's sale.

(ECF No. 24 at PageID.234.)

Where there are no "sufficient irregularities *in the foreclosure proceeding* to justify tolling the redemption period,"—and a plaintiff files suit just before the redemption period lapsed—a plaintiff's "interest in the property" can be said to have been "extinguished by the sheriff's sale." *Smith*, 516 Fed. App'x at 397 (emphasis added)[2]; *see Conlin v. Mortg. Elec. Reg. Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (Once the "statutory redemption period lapses, the mortgagor's 'right, title, and interest in and to the property' are extinguished.").

Filing a lawsuit does *not* toll the redemption process. *Conlin*, 714 F.3d at 360 (citing *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)). Again, because the redemption period has expired, "Plaintiff must make a clear showing of fraud or irregularity" *in the foreclosure process* to maintain an action to set aside the foreclosure. *Id.* And the mortgagor must prove that he or she was "prejudiced" by the irregularity. *Id.* at 361; *see Overton*, 2009 WL 1507342, at *2 ("Even if his assertions were true and the cases he cites indeed supported his arguments, plaintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period."); *see also Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. 1969) ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory

---

[2] With that said, "it must be 'likely', as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 75 n.20 (1978) ("Our recent cases have required no more than a showing that there is a 'substantial likelihood' that the relief requested will redress the injury claimed to satisfy the second prong of the constitutional standing requirement."). Since Plaintiff has pled a separate claim under the RESPA, however, the Court enjoys jurisdiction over this action.

7

foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.").

Plaintiff here alleges that she was "prejudiced by the improper evaluation for a loan modification, and if properly evaluated, 'Plaintiff would not be facing the prospect of losing her home to foreclosure.'" (ECF No. 32 at PageID.411.) That, however, is not sufficient under state law to set aside the foreclosure. A Plaintiff must make a clear showing of fraud or irregularity *in the foreclosure process* itself. *Smith*, 516 Fed. App'x at 397. It was incumbent upon Plaintiff to raise these alleged statutory deficiencies prior to her property interest being extinguished. She could have easily raised this as a possible "defense to foreclosure," as Plaintiff now curiously argues, but she apparently did not.

A mortgagor who "allow[s] the statutory redemption to lapse" is "incapable of 'demonstrat[ing] prejudice from the [failure to post proper notice]." *Id.* at 362 (internal citation omitted). Accordingly, Plaintiff's first claim for relief fails on its face.

> 2. **Count II ("Action Pursuant to FHA Servicing Guidelines – HAMP Loss Mitigation") ("Plaintiff prays this Honorable Court to enter judgment in favor of Plaintiff pursuant to 24 C.F.R. 25.6(j).")**

In response to the Court's order for supplemental briefs, this count has been voluntarily dismissed by stipulation. (*See* ECF Nos. 39–40.) This claim clearly had no good-faith basis from the outset. (ECF No. 38 at PageID.456 ("As far as the Court can discern, [Count II] does not arise under the RESPA (like Count IV), but rather certain HAMP Guidelines. And after a cursory review, the Court is unable to locate authority that would justify 'judgment in favor of Plaintiff pursuant to 24 CFR 25.6(j).' . . . If Plaintiff does not

8

withdraw the claim, Plaintiff's counsel must certify in writing that the claim has a good-faith basis in law and fact. *See* Fed. R. Civ. P. 11(b).").)

### 3.  Count III ("Negligence.")

The third claim is one for "negligence" under state law. Under Michigan law, a defendant acting pursuant to a contract is liable in tort only if he or she "owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations." *Fultz v. Union-Commerce Assocs.*, 683 N.W.2d 587, 592 (Mich. 2004).

Plaintiff argues that *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149 (6th Cir. 2014) stands for the proposition that "a violation of federal law *can* support a state claim even when, or perhaps especially when, it does not provide for a private right of action under a federal statute." (ECF No. 32 at PageID.422 (emphasis added).) That's neither here nor there. While the Sixth Circuit in *Mik* found that a violation of federal law supported an unrelated claim under Kentucky law, Michigan law does not provide a separate cause of action for "negligence" for alleged breaches arising out of the contractual relationship. Plaintiff's third claim, therefore, is without merit.

### 4.  Count IV ("Action Pursuant to RESPA Section 6F–For Violations of 12 C.F.R. 1024.38, 1024.40, and 1024.41.")

With respect to Count IV (the RESPA claim), Plaintiff's first problem is the relief she seeks. (ECF No. 24 at PageID.243–44 ("Plaintiff asks this Honorable Court to . . . a) [e]xpunge or cancel the Sheriff's deed dated 09/25/2014; b) [o]rder Defendant . . . to conduct a proper evaluation of Plaintiff's mortgage loan for a modification . . .; c) [and] [a]ward Plaintiff all damages to which she is entitled to under RESPA, including emotional damages,

elimination of all arrearage added to Plaintiff's mortgage loan that resulted from Defendant's illegal activity and the illegal activity of any prior servicers, and costs and attorney fees.").)

First, "[t]here is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification." *Caggins v. Bank of N.Y. Mellon*, No. 15-11124, 2015 WL 4041350, at *2 (E.D. Mich. July 1, 2015) (citing 12 U.S.C. § 2605(f)(1)).[3] Accordingly, Plaintiff's first two requested remedies are without merit out of hand.

Plaintiff's second problem, then, is that she fails to sufficiently allege facts to support other actual damages other than the (allegedly unlawful) foreclosure itself, which she has already lost the right to challenge under state law.

Plaintiff baldly requests the Court to "[a]ward Plaintiff all damages to which she is entitled to under RESPA, including emotional damages, elimination of all arrearage added to Plaintiff's mortgage loan that resulted from Defendant's illegal activity and the illegal activity of any prior servicers, and costs and attorney fees." (ECF No. 24 at PageID.244.) This statement is best understood as a "[n]aked assertion[] without further factual enhancement," or a "formulaic recitation[] of the elements of a cause of action[.]" *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014); *see New Albany*

---

[3] The Consumer Financial Protection Bureau (CFPB) has promulgated regulations as authorized by the Dodd-Frank Act, 12 U.S.C. § 5512(b) and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq. See Campbell v. Nationstar Mortg.*, 611 Fed. App'x 288, 296 (6th Cir. 2015). Sections 1024.38–1024.41 prohibit, among other things, a loan servicer from foreclosing a property if the borrower has submitted a complete loan modification program or loss mitigation application, and other conditions are met. *Id.* Violations of Regulation X, 12 C.F.R. § 1024.41, are compensated by monetary damages; the enforcement provision does not provide any authority for a court to set aside a foreclosure. *Servantes*, No. 14-cv-13324, 2014 WL 6986414 at *1 (citing 12 C.F.R. § 1024.14 and § 2605(f)); *see Clark v. Ocwen Loan Serving, LLC*, No. 1:15-cv-659, 2015 WL 6159447, at *6 (W.D. Mich. Oct. 20, 2015).

*Tire*, 650 F.3d at 1050 (noting courts "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action").

Plaintiff fails to allege any specific facts to suggest that she was *injured* apart from the foreclosure process itself. (Again, the RESPA does not provide for forced modification or a set-aside of the foreclosure.) More particularly, Plaintiff did not detail any specific factual injury arising from the alleged violation under the RESPA that would support the bald "damages to which she is [allegedly] entitled to under RESPA." (ECF No. 24 at PageID.244.)

Plaintiff attempts to salvage her claim by asserting her "monetary losses would include Plaintiff's 'equity in the home . . . down payment . . . [and] fair market value of the home and arrearage added to Plaintiff's mortgage loan" (ECF No. 32 at PageID.414); however, the fact remains that Plaintiff neither owns nor possesses any interest in the Property.

Accordingly, because Plaintiff no longer has a property interest under state law (and she did not allege fraud or irregularities in the foreclosure process itself), her "damages" are speculative, at best. *See, e.g., Servantes v. Caliber Home Loans*, No. 14-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014) ("To the extent Plaintiffs may wish to proceed with a RESPA claim for monetary damages only, the Court dismisses the claim because Plaintiffs have not alleged that Defendant's alleged violations of 12 C.F.R. § 1024.39–41 resulted in actual damages[.]"); *cf. Carmack v. Bank of N.Y. Mellon*, 534 Fed. App'x 508, 513 (6th Cir. 2013).

Finally, while the RESPA allows for statutory damages in addition to actual damages, such damages are only available in cases of "a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1). Plaintiff fails to allege any pattern or practice, and the fourth claim fails.

11

D.    Conclusion

Plaintiff's complaint must be dismissed for failing to adequately state a claim under Fed. R. Civ. P. 12(b)(6). Since Plaintiff never sought leave to amend the complaint, a dismissal with prejudice is proper.

## ORDER

For the reasons contained in the accompanying opinion, the Court:

1. GRANTS Defendant's motion to dismiss with respect to Count I because Plaintiff has not sufficiently pled "fraud or irregularity" arising out of the foreclosure process itself;
2. AFFIRMS that Count II has already been dismissed by stipulation;
3. GRANTS Defendant's motion with respect to Count III because negligence under Michigan law does not provide a remedy in tort unless the plaintiff owed a duty "separate and distinct from the defendant's contractual obligations";
4. GRANTS Defendant's motion with respect to Count IV because setting aside the foreclosure sale is not a viable remedy under RESPA, and even assuming RESPA violations have occurred, Plaintiff has insufficiently pled facts to support any actual damages or statutory damages arising from the violations.
5. DISMISSES this action with prejudice, consistent with Fed. R. Civ. P. 12(b)(6).

**THIS ACTION IS TERMINATED.**

**IT IS SO ORDERED.**

Date:   October 27, 2016                       /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge